FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ OCT 19 2009 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X

GEORGE CAMACHO,

        Plaintiff,

    -against-

THE CITY OF NEW YORK, and ALEX R. ARTY, DETECTIVE RAHMAN, SARGENT SMITH, POLICE OFFICER O'BRIEN, AND DETECTIVE WOLFROM,

        Defendants.

------------------------------------X

COMPLAINT 09 4461

DEARIE, CH. J.

    Plaintiff, George Camacho, by his attorney, James C. Neville, as and for his Complaint, hereby alleges as follows, upon information and belief:

## PARTIES, VENUE and JURISDICTION

1. At all times hereinafter mentioned plaintiff was a resident of the County of Kings, City and State of New York.

2. At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD") and its employees.

3. At all times hereinafter mentioned, defendant ALEX L. ARTY, TAX REGISTRY NO. 914534, SHIELD NO. 01112 was a member of the NYPD and employed, retained, trained and supervised by New York City. ALEX L ARTY is sued herein in his official and individual capacities.

4. At all times hereinafter mentioned, defendant DETECTIVE RAHMAN was a member of the NYPD and employed, retained, trained and supervised by New York City. RAHMAN is sued herein in his official and individual capacities.

5. At all times hereinafter mentioned, defendant SARGENT SMITH, TAX REGISTRY NO. 893887, was a member of the NYPD and employed, retained, trained and supervised by New York City. SMITH is sued herein in his official and individual capacities.

6. At all times hereinafter mentioned, defendant POLICE OFFICER O'BRIEN was a member of the NYPD and employed, retained, trained and supervised by New York City. O'BRIEN is sued herein in his official and individual capacities.

7. At all times hereinafter mentioned, defendant DETECTIVE WOLFROM was a member of the NYPD and employed, retained, trained and supervised by New York City. WOLFROM is sued herein his official and individual capacities.

8. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 1983.

9. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Eastern District of New York, where the plaintiff and defendant City of New York reside, and where the majority of events complained of herein occurred.

## RELEVANT FACTS

10. On or about October 20, 2006, at or about 08:20 p.m., plaintiff was inside an apartment located at 654 Saint Marks Avenue, in Kings County, visiting with a friend named Tracey Farrell who resided therein.

11. While in his friend's apartment as a guest, the defendant officer, along with other members of the NYPD assigned to the Brooklyn North Narcotics Division ("BNND"), entered, without a warrant, invitation or exigency, and seized and arrested plaintiff and Ms. Farrell. The defendants proceeded to search the apartment, at which time they located narcotics.

12. Plaintiff was then transported to a local NYPD station house, and eventually brought to Kings County Central Booking, following which he was arraigned and charged with various narcotics offenses.

13. The criminal prosecution was based entirely on materially false claims by defendant Arty that he saw plaintiff on the street, in front of 654 Saint Marks Avenue, Brooklyn, New York, in open possession of crack cocaine. At no time that day had plaintiff been at that location or in possession of any illegal narcotics.

14. Defendant Arty made these materially false statements of fact in order to cover up the defendants' illegal entry into Farrell's residence, and to provide a justification for the arrest of the Plaintiff, Mr. Camacho.

15. Each of the defendants, members of the New York City Police Department, created paperwork and documentation relating to the arrest of plaintiff that served to corroborate the false statements of Defendant Arty, or otherwise failed to report or otherwise document the actual events that had occurred.

16. As the direct and proximate result of the defendants' false statements,

including the omission of any statements by defendants refuting the false allegations by Defendant Detective Alex L. Arty, plaintiff was subjected to criminal process and prosecuted in Kings County Criminal Court under Arrest No. K06686264, and Docket No. 2006KN073476.

17. Plaintiff was never indicted.

18. As a result of his malicious prosecution by the defendants, plaintiff was forced to return to Court time and again, and was eventually subjected to a trial at which the defendants appeared and gave false testimony against Mr. Camacho.

19. On or about July 17, 2008, a petit jury returned a verdict of not guilty, and the criminal prosecution was terminated in Mr. Camacho's favor.

20. At no time did defendants have probable cause to arrest plaintiff, nor was there any reasonable basis for defendants to believe such cause existed.

21. At all times relevant herein, each one of the above-listed defendants was acting within the scope of his employment with the NYPD and the City of New York, and the Defendants' acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

22. Plaintiff repeats the allegations contained in paragraphs "1" through "21" above as though stated fully herein.

23. Defendants willfully and intentionally seized, arrested, and imprisoned plaintiff without probable cause, and without a reasonable basis to believe such cause existed.

24. Defendants willfully and intentionally and repeatedly subjected plaintiff to unlawful searches without sufficient cause, and without a reasonable basis to believe such cause

4

existed.

25. Defendants maliciously caused plaintiff to be subjected to criminal process, without sufficient legal cause to commence and/or maintain the prosecution, through the making of false statements and failure to report their colleagues' making of false statements.

26. By so doing, the individual defendants, individually and collectively, subjected the plaintiff to false arrest and imprisonment, unlawful searches of person and property, malicious prosecution, and deprivation of his constitutional rights, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under the First, Fourth, and Fourteenth Amendments of the United States Constitution.

27. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, the loss of his constitutional rights, and unlawful incarceration.

## SECOND CAUSE OF ACTION

28. Plaintiff repeats the allegations contained in paragraphs "1" through "27" above as though stated fully herein.

29. The municipal defendant (The City of New York) was aware that members of the Brooklyn North Narcotics Division ("BNND") had engaged in an intentional pattern of misconduct, which included the deliberate use of their arrest powers to place individuals under arrest and seek their prosecution without sufficient legal cause, or a reasonable basis to believe such cause existed, and that this misconduct, which was designed to inflate the arrest numbers and activity reports of BNND members, was permitted to continue without any meaningful effort by the New York Police Department to otherwise stop or limit it.

30. The BNND's deliberate and intentional abuse of their arrest powers was a pattern and practice known to senior members of the NYPD, who permitted it to continue, and in so doing adopted this behavior as a tacit practice and policy of the NYPD.

31. In addition, through the NYPD's abject failure to supervise the BNND, even after learning of their abuses, the municipal defendant's negligent supervision amounts to deliberate indifference.

32. Therefore, by virtue of both its adoption of BNND's unlawful practices and its grossly negligent supervision of the BNND, the municipal defendant is liable to the plaintiff for the false arrest and imprisonment, unlawful searches of person and property, malicious prosecution, and deprivation of his constitutional rights by the individual defendants, who violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under the First, Fourth, and Fourteenth Amendments of the United States Constitution.

33. By reason thereof, the municipal defendant have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, the loss of his constitutional rights, and unlawful incarceration.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

    i. on the first cause of action actual and punitive damages in an amount to be determined at trial;

    ii.    on the second cause of action actual damages in an amount to be determined at trial;

    iii.    statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988, expenses, disbursements, and costs of this action; and

    iv.    such other relief as the Court deems just and proper.

Dated:  Port Washington, New York
October 19, 2009

THE LAW OFFICE OF JAMES C. NEVILLE
14 VANDERVENTER AVENUE, SUITE 115
PORT WASHINGTON, NEW YORK 11050
TEL. (516) 883-5905
FAX.(516) 883-9508
E-mail: jcneville@optonline.net

By: _____
James C. Neville (JN 2128)
Attorney for Plaintiff